UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KEITH POWERS, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 1:11-cv-00556-RLY-DML |
| JEFFREY A. WILHITE, WILHITE & ASSOCIATES, | ) ) ) | |
| Defendants. | ) | |

**ENTRY ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Keith Powers ("Plaintiff"), individually and as the named class representative, was the subject of a debt collection effort by Jeffrey A. Wilhite through his law office, Wilhite and Associates (collectively, "Wilhite" or "Defendants"). Plaintiff alleges Wilhite's efforts violated the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff now moves for summary judgment on the issue of liability. For the reasons set forth below, the Motion is **DENIED.**

**I.     Factual Background and Procedural History**

Plaintiff was a former tenant of Brickyard Apartments ("Brickyard"). In May 2009, Brickyard claimed Plaintiff owed $1,216.63 for damage to his apartment. Brickyard demanded payment by June 30 and stated that failure to pay would result in Plaintiff's account being turned over to its attorney, Wilhite, for collection. Plaintiff did not pay Brickyard, and on July 29, 2009, Wilhite filed suit against Powers on Brickyard's

1

behalf in Vanderburgh Superior Court Small Claims Division ("Vanderburgh Superior Court"), with notice to appear in court on August 20, 2009. (Affidavit of Keith Powers ("Powers Aff.") ¶ 3; Defendants' Ex. A). On August 20, Plaintiff called the Vanderburgh Superior Court and was told by the court's staff he must contact Defendants. (Powers Aff. ¶ 5). Defendants claim Plaintiff admitted (verified) the debt to the Vanderburgh Superior Court. (Defendants' Ex. A). Plaintiff called Defendants' office and said he disputed the charges and amounts alleged to be owing and, due to work, he could not attend a hearing that day. (Powers Aff. ¶ 6.). Defendants' records reflect that they told Plaintiff he did not need to appear in court, but that they would get a default judgment against him (Plaintiff's Ex. 4), which Plaintiff denies. (Powers Aff. ¶ 7.).

On April 21, 2010, a default judgment was entered against Plaintiff, and on June 22, 2010, Wilhite, on behalf of Brickyard, filed a Motion for Proceedings Supplementary [*sic*]. (Affidavit of Jeffrey Wilhite ("Wilhite Aff.") ¶ 10; Defendants' Ex. A.). After Plaintiff failed to appear at the July 29, 2010 hearing, a second hearing was set for September 29, 2010. (Wilhite Aff. ¶ 11; Defendants' Ex. A.). Plaintiff did not appear at the September 29 hearing (Wilhite Aff. ¶ 11; Defendants' Ex. A.), and the Vanderburgh Superior Court issued a Writ Instanter with a $500 bond. (Plaintiff's Ex. 3). That same day, Defendants issued Plaintiff a "writ letter", which read in pertinent part as follows:

> You were ordered to appear in Court. You failed to do so. We then were granted a Writ Instantor [*sic*] against you. This is an **ARREST WARRANT**. Once found, you will be taken to jail by a law enforcement officer.

(Plaintiff's Ex. 3 (emphasis in original)). Plaintiff filed suit in this court on April 26, 2011, alleging several violations of the FDCPA (15 U.S.C. § 1692) and moved to certify a class on September 8, 2011.[1] Since this case arises under federal law (15 U.S.C. § 1692k) and the Defendants' principal place of business is in the Southern District of Indiana, jurisdiction and venue are proper. 28 U.S.C. § 1331. Class certification was granted on November 2, 2011. On April 30, 2012, Plaintiff moved for summary judgment on the issue of liability on Count I.

## II.     Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 325 (1986). The non-moving party, however, may not rest on mere allegations or denials in its pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A genuine issue of material fact exists if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. Stated differently, only disputes over material facts – i.e., "facts that might affect

---

[1] In Plaintiff's Motion for Class Certification, he alleged that the action was brought, in part, for damages under the FDCPA at 15 U.S.C. §§ 1692e(2), 1692e(12), and 1692(f) (Docket # 29 ¶¶ 2-4), which covers Count I of Plaintiff's Complaint. Counts II and III allege violations of 15 U.S.C. §§ 1692g(a) and 1692g(b), which are failures to provide the required information in the initial debt collection letter and the initial demand and subsequent letters failing to correctly state the amount of the debt, respectively. (Plaintiff's Complaint at ¶¶ 22-23, 26). However, Plaintiff did not seek class certification for either Count; therefore, only Count I is a class action claim.

3

the outcome of the suit under the governing law" – will preclude the entry of summary judgment. *Id*. at 248. When determining whether a genuine issue of material fact exists, the court views the record and all reasonable inferences in the light most favorable to the nonmoving party. *Id*. at 255.

### III. Discussion

#### A. Count I

The FDCPA was passed to attempt to curb abuses by debt collectors and add more comprehensive redress mechanisms for consumers in addition to adding new requirements and proscriptions on debt collector conduct. 15 U.S.C. §§ 1692, *et seq.* The parties do not dispute that the FDCPA applies, as Plaintiff is a consumer-debtor and Defendants are consumer debt collectors. (Plaintiff's Complaint ¶¶ 3-4). Plaintiff states that the form collection demand letter sent to him by Defendants on September 29, 2010, "wrongfully declared that the collection letter was an 'Arrest Warrant.'" (Plaintiff's Complaint ¶ 14). Plaintiff alleges that the letter violated sections 1692e(2) and (10) and 1692f of the FDCPA. (*Id.* at ¶¶ 16-17). Section 1692e forbids debt collectors from:

> (2) The false representation of—
> (A) the character, amount, or legal status of any debt; or
> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
> and . . .
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(2), (10). Section 1692f forbids a debt collector from using "unfair or unconscionable means to collect or attempt to collect a debt." 15 U.S.C. § 1692f.

Finally, Plaintiff claims that sending out a collection letter purporting to be an arrest warrant constitutes abusive and/or oppressive conduct, which violates 15 U.S.C. § 1692d. For the reasons set forth below, there are material issues of fact precluding a grant of summary judgment on any of these claims, however, a claim under section 1692d will not be allowed to proceed.

### 1. Unsophisticated Consumer Standard

In determining whether a collection letter violates sections 1692e or 1692f of the FDCPA, the court uses the objective unsophisticated consumer test. *See, e.g.*, *Wahl v. Midland Credit Management, Inc.*, 556 F.3d 643, 645 (7th Cir. 2009). That is, a consumer may be "uninformed, naive, and trusting, but [has] rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences." *Id.* at 645-46. In other words, the debtor is unsophisticated but reasonable. *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003). It is not important whether or not the statement was false or misleading in a technical sense (*Wahl*, 556 F.3d at 646) or what knowledge or reasoning skills the Plaintiff actually had. *Turner*, 330 F.3d at 995. The test is solely whether the unsophisticated debtor would be reasonably deceived or misled by the debt collector's representations. *Wahl*, 556 F.3d at 645. Also, because Plaintiff is seeking only statutory, rather than actual, damages, he was under no obligation to read debt collection notices with extra care (*Id*. at 643); in fact, he did not need to read such notices at all. *Barlett v. Hiebl*, 128 F.3d 497, 499 (7th Cir. 1997).

### 2. Nature of the Letter

While several legal issues are considered as part of this motion, the parties are largely in agreement over what the FDCPA states. Rather, the factual dispute centers largely on one issue: did the September 29, 2010 letter (the "letter") sent by Defendants to Plaintiff, state that it was an arrest warrant, or could it lead an unsophisticated consumer to reasonably infer that it was?

The parties agree that the Defendants sent the letter to Plaintiff on September 29, 2010. (Deposition of Jeffrey Wilhite ("Wilhite Dep.")) at 24). However, the parties disagree on the meaning of the letter. Plaintiff claims that the phrase "[t]his is an arrest warrant" in the September 29 letter (Plaintiff's Ex. 3), with no accompanying documentation, means that Defendants falsely represented the letter as an arrest warrant. Defendants, meanwhile, claim that the phrase cannot be accurately understood except as a complement to the previous sentence "We then were granted a Writ Instantor [*sic*] against you. This is an **ARREST WARRANT**." (Plaintiff's Ex. 3). Thus, the letter truthfully informed Plaintiff that a Writ Instanter had been issued and that a Writ Instanter is an arrest warrant. (Wilhite Aff. ¶ 14). According to Defendants, this was consistent with the Writ Instanter that had been issued with a $500.00 bond. (Wilhite Aff. ¶12; Defendants' Ex. A). Therefore, they claim there was no false representation.

The parties do not cite, and the court could not find, any case that dealt directly with the issue of whether a letter containing the disputed (or similar) language violated the FDCPA. Defendants state that they drafted the letter personally. (Wilhite Dep. at 31). This court is thus left with the decision of whether, as a matter of law, the letter

6

purports to be an arrest warrant itself or reading the arrest warrant sentence as a clarification of what is a Writ Instanter is the only reasonable interpretation of the letter. This court concludes neither is correct. On the one hand, putting "arrest warrant" in all caps and bold, setting it apart from the rest of the letter, and attaching no other documentation could scare the reasonable, unsophisticated consumer (*Wahl*, 643 F.3d at 645) into thinking that "this is an arrest warrant" referred to the letter itself. On the other hand, the sentence's position immediately after the statement that a Writ Instanter had been issued could lead the unsophisticated consumer to think that it was a clarification designed to underscore the gravity of having a Writ Instanter issued. This is therefore an issue best resolved by the trier of fact.

### 3. Knowingly False or Misleading Statement

Section 1692e prohibits a debt collector from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The parties do not dispute that a false statement made by a debt collector is presumptively wrongful under this section or that a collection letter purporting to be an arrest warrant, with no further attachments, would be a false statement. Furthermore, the parties agree that the "unsophisticated consumer standard" is the lens under which a claim of violating section 1692e is evaluated.

However, as stated above, the issue of whether a reasonable unsophisticated consumer would determine that the letter was itself an arrest warrant cannot be determined as a matter of law and is left to the trier of fact. Therefore, summary judgment on liability under section 1692e is denied.

7

### 4. Unfair or Unconscionable Debt Collection Means

Section 1692f forbids a debt collector from using unfair or unconscionable methods to collect or attempt to collect on a debt. 15 U.S.C. § 1692f. Plaintiff claims that the purpose of the letter was to "threaten, scare and confuse the consumer debtor." Plaintiff claims that the effects of the purportedly false letter—namely, that he "was confused, and was very scared to drive his car" (Powers Aff. ¶¶ 9-10)—shows that the letter was misleading or deceptive in violation of the FDCPA. Defendants, meanwhile, state that Plaintiff never claimed that he thought the letter was an arrest warrant and offered no evidence that a significant fraction of the population would conclude Defendants' letter was an arrest warrant. Rather, they argue, this was mere speculation about a naive debtor's interpretation through a self-serving affidavit. *Petit v. Retrieval Masters Credit Bureau*, 211 F.3d 1057, 1061 (7th Cir. 2000). Furthermore, Defendants claim that because it is clear from the face of the letter that it was not itself an arrest warrant and Plaintiff received the letter shortly after the Writ Instanter was issued, "[i]t is hard to believe that an unsophisticated consumer could possibly interpret the writ letter as Mr. Powers claims to have interpreted it." (Defendants' Response at 8-9). Plaintiff had thus engaged in an ingenious misreading of the letter and interpreted it in a "bizarre or idiosyncratic fashion" (*Id*. at 7-8, citing *Petit*, 211 F.3d at 1060) and could not meet the unsophisticated consumer standard.

Neither party's argument is persuasive. Because this court does not find, as a matter of law, that the letter did or did not violate section 1692e as a false or misleading statement, the court also refuses to hold that the letter was or was not an unfair or

unconscionable means of debt collection. Similarly, the court cannot conclude that, as a matter of law, Plaintiff's reading of the letter was ingenious and irrational, because a reasonable trier of fact could conclude that Plaintiff's interpretation of the letter as an arrest warrant (and thus was unfair or unconscionable as defined in 15 U.S.C. § 1692f) was not an ingenious, bizarre, or idiosyncratic reading. As above, the alleged violation of section 1692f is best left to the trier of fact, and Plaintiff's motion for summary judgment on section 1692f is hereby denied as well.

### 5. Defendants' Entitlement to Summary Judgment

Federal Rule of Civil Procedure 56(f) gives a trial judge wide latitude to render judgment contemporaneous of a motion for summary judgment that is independent of the motion itself, including granting summary judgment to the non-moving party after the movant has notice and reasonable time to respond. FED. R. CIV. P. 56(f)(1); *see, e.g.*, *In re FedEx Ground Package Sys., Inc., Emp't Practices Litig.*, 758 F. Supp. 2d 638, 661 (N.D. Ind. 2010). Defendants argue that they are entitled to summary judgment under this rule because Plaintiff has not met the unsophisticated consumer standard and it is clear he cannot meet his burden at trial, since he has not shown how he intends to prove it beyond his subjective interpretation (e.g., through production of documents or expert witnesses). The court disagrees, finding instead that a reasonable trier of fact could conclude that the reasonable unsophisticated consumer would view Defendants' letter as an arrest warrant. Moreover, a *sua sponte* entry of judgment by the court is a "hazardous procedure, . . . warrants special caution and is often unnecessary." *In re FedEx Ground*, 758 F. Supp. 2d at 661 (quoting *Jones v. Union Pacific R.R. Co.*, 302 F.3d 735, 740 (7th

Cir. 2002)). While Plaintiff has had the opportunity to respond and actually did so, this is not a clear-cut case that would justify the extraordinary practice of awarding summary judgment to the non-movant. Defendants' request for summary judgment under Rule 56(f)(1) is hereby denied.

## IV. Auxiliary Issues

The parties raised several additional issues in their memoranda and briefs that the court now addresses in turn.

### A. Addition of Claim Under 15 U.S.C. § 1692d

Section 1692d of the FDCPA forbids debt collectors from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. For the first time in his Memorandum, Plaintiff claimed that Defendants' letter constituted oppressive or harassing conduct in violation of section 1692d of the FDCPA as a matter of law. Defendants ask the court to disallow this claim, noting that the deadlines for discovery and dispositive motions have passed and claiming undue prejudice. Plaintiff responded that Defendants have been on notice of a possible section 1692d claim since the suit was filed, and thus they would suffer no prejudice if the claim was added.

If more than 21 days have passed since the initial filing of the complaint, a party may amend the complaint only with the opposing party or parties' written consent or by leave of the court. FED. R. CIV. P. 15(a)(2). Courts are to grant this leave freely "when justice so requires." *Id*. Plaintiff discusses the Defendants' intransigence in turning over evidence and discovery documents. However, he does not state how any evidence

10

received since Defendants' compliance with the court order (Docket # 59) makes a claim under section 1692d viable now versus before the deadline for requesting leave to amend on November 1, 2011. (Docket # 19).

Plaintiff also does not designate any evidence of Defendants' conduct that would be considered harassing or abusive that would not also qualify under sections 1692e and 1692f; rather, he only states that "Wilhite would not be unduly prejudice (*sic*) if the Court also found that it was a matter of harassment and/or abuse under § 1692d for Wilhite to send out demand letters that declared to be arrest warrants." (Plaintiff's Response at 7). Moreover, while the Seventh Circuit has not ruled directly on the issue, the Sixth Circuit held that the statutory damages for FDCPA violations are capped at $1,000 per party per proceeding, not per violation. *Wright v. Finance Service of Norwalk, Inc.*, 22 F.3d 647, 650-51 (6th Cir. 1994). Plaintiff would therefore not gain financially if a jury finds Defendants' conduct was oppressive or harassing (thus violating section 1692d) and also violated sections 1692e or 1692f. The court therefore finds Plaintiff's request to be unduly delayed, which is an exception to the generally liberal standard for allowing amendments to pleadings. *Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001). Plaintiff therefore may not proceed with a claim of harassing, oppressive, or abusive conduct under section 1692d.

### B. Entry of Default Judgment Against Defendants

Plaintiff filed his Memorandum on April 30, 2012 and requested the court enter default judgment against Defendants, claiming they had failed to provide any discovery documents that pertained to class members. Plaintiff filed his summary judgment motion

11

on this date to comply with the deadline for dispositive motions, despite there being a pending hearing on Plaintiff's Second Motion to Compel Discovery. On May 21, 2012, Magistrate Judge Lynch issued a minute entry compelling additional discovery but did not impose any sanctions on Defendants. (Docket # 59). The court defers to Magistrate Judge Lynch's decision not to sanction Defendants for any discovery violations.

### C.     Class Certification Issues

Plaintiff wrote extensively in his brief about how the Federal Rule of Civil Procedure 23 requirements had been met and that summary judgment could be entered on behalf of the class if the court intended to enter it for Powers. Since the court denies summary judgment for Powers, and both Plaintiff and Defendants agree that the court entered an order certifying a class on November 2, 2011, the court hereby denies summary judgment for the class members as well.

### D.     Arrest Warrant Collection Practice

In the May 2012 entry, Magistrate Judge Lynch ordered Defendants to turn over the status notes for up to 25 class members identified by Plaintiff. (Docket # 59). Plaintiff, using this information and attaching it as Appendix 5, claims that Defendants "routinely and systematically issue Arrest Warrants to arrest consumer debtors, if they don't show up at an initial hearing on proceedings supplemental to execution." (Plaintiff's Response at 10). Defendants have asked that Appendix 5 and this portion of Plaintiff's Response be stricken pursuant to Federal Rule of Civil Procedure 12(f). Rule 12(f) allows the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). "Rule 12(f)

12

motions are disfavored and are ordinarily not granted unless the language in the pleading at issue has no possible relation to the controversy and is clearly prejudicial." *Hoffman v. Aspen Dental Mgmt., Inc.*, 2011 WL 3902773, at *3 (S.D. Ind. Sept. 6, 2011) (quoting *Baker v. Westinghouse Elec. Corp.*, 830 F. Supp. 1161, 1168 (S.D.Ind.1993)).

Defendants claim two factual errors (that the actual issuance of the Writ Instanter is not done by Defendants, but by the court; and it does not happen until Defendant has failed to appear on two consecutive occasions) and that it is outside the scope of the litigation and Plaintiff's Motion. Plaintiff concedes that "Powers does not seek relief for [Defendants'] arrest warrant collection practices" (Plaintiff's Response at 10-11), and the court agrees that this portion is outside the scope of this litigation. However, while this portion of Plaintiff's Response may be immaterial, impertinent or scandalous, it was not raised in a complaint, counterclaim, or answer, which are the only pleadings that can be stricken in whole or part pursuant to Rule 12(f). In *Renguette v. Bd. of School Trustees ex rel. Brownsburg Comm. Sch. Corp.*, the Court denied a motion to strike a party's brief in support of a motion for summary judgment "based on the fact that Rule 12(f) does not provide the relief she seeks." 2007 WL 1536841, at *5 (S. D. Ind. May 23, 2007). This court likewise sees no reason to broaden Rule 12(f)'s application. Also, there is no risk of prejudice to the trier of fact, since the jury will never see Plaintiff's Response. Defendants' request to strike the "Wilhite's 'Arrest Warrant' Collection Practice" section of Plaintiff's Response is therefore denied.

Defendants further request that Appendix 5 be stricken in its entirety, since the only reference to Appendix 5 was in the "Wilhite's 'Arrest Warrant' Collection Practice"

13

section and thus outside the scope of Plaintiff's summary judgment motion.  Even if the Arrest Warrant Collection Practice section was being struck, the court would not strike Appendix 5.  This material was not available to Plaintiff until after Magistrate Judge Lynch's court order, and Plaintiff states that it is part of the "basis to provide relief to Powers and the class for the issuance of the arrest warrant dunning letters."  (Plaintiff's Response at 11).  Plaintiff should not be barred from designating evidence in support of his motion for summary judgment in his reply brief that he did not have access to in his initial filing.  Therefore, Defendants' motion to have Appendix 5 stricken is denied.

**V.     Conclusion**

For the foregoing reasons, Plaintiff's Motion for Summary Judgment as to Liability (Docket # 57), Plaintiff's request for an entry of default judgment on behalf of the class against Defendants (*Id*.), Plaintiff's request to add a claim that Defendants violated section 1692d (*Id*.), and Defendants' motions for summary judgment (Docket # 63) and to strike portions of Plaintiff's Response and Appendix 5 (Docket # 66) are **DENIED**.  This matter will proceed to trial.


**SO ORDERED** this 6th day of November 2012.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana


Distributed Electronically to Registered Counsel of Record